```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX
```

DIAMOND INDUSTRIAL CORPORATION : CIVIL ACTION
            v.                 :
LEE J. ROHN, et al.            : NO. 2003-116

MEMORANDUM

Bartle, C.J.                                                    December 13, 2007

        Plaintiff Diamond Industrial Corporation ("Diamond") has sued defendants Lee J. Rohn, Luz Alakrah, Garfield Saunders, Arleen Smith, Jose Rivera, Luz Percy, and Carmen Gonzalez (collectively, "the defendants"). Diamond alleges that while it was undergoing reorganization in a Chapter 11 bankruptcy proceeding, the defendants willfully violated the Bankruptcy Court's automatic stay.

        Now before the court is the motion of Diamond for entry of order of withdrawal of reference and for partial summary judgment declaring that its cause of action for violation of the automatic stay survives the dismissal of the bankruptcy proceeding.

I.

        In 2001, plaintiff Diamond began Chapter 11 reorganization proceedings in the Bankruptcy Court of the Virgin Islands. The Bankruptcy Court entered an automatic stay on all actions against the debtor or against the property of the bankruptcy estate. See 11 U.S.C. § 362. During the bankruptcy

reorganization, plaintiff filed an adversary proceeding in the Bankruptcy Court under former 11 U.S.C.A. § 362(h) (West 2005), now 11 U.S.C.A. § 362(k) (West 2007), against the current defendants, who include Lee Rohn, an attorney on St. Croix, and several of Rohn's clients domiciled in the Virgin Islands. Plaintiff alleged that defendants willfully violated the automatic stay when they organized a boycott of plaintiff's business.  On September 6, 2002, because plaintiff had successfully rehabilitated its finances and paid its creditors, the Bankruptcy Court dismissed by stipulation both the Chapter 11 proceeding and the then-existing adversary proceeding against the defendants for the alleged automatic stay violation.

Plaintiff reasserted its claim under former subsection § 362(h) by initiating the present lawsuit in this court on July 21, 2003.  Chief Judge Raymond L. Finch of the District Court referred the action to the Bankruptcy Court on October 20, 2004.  The Bankruptcy Court concluded that it did not have subject matter jurisdiction to hear plaintiff's claim since plaintiff's Chapter 11 bankruptcy case had been terminated.  It ultimately dismissed the claim without prejudice.  <u>See</u> Order of Bankruptcy Court (Mar. 9, 2005); Order of Bankruptcy Court (Apr. 28, 2005).  Thereafter, Chief Judge Finch transferred the action back to the District Court, Division of St. Croix, "for further proceedings."  Order of District Court (Mar. 16, 2005).

II.

Plaintiff first requests that we formally withdraw the prior reference of this matter to the Bankruptcy Court.  Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  The District Court of the Virgin Islands makes use of that authority by referring all bankruptcy cases or proceedings filed under Title 11 of the United States Code to a bankruptcy judge for the district.  See In re General Rules, Misc. No. 1990-20 (Standing Order dated nunc pro tunc Apr. 1, 1990).

The motion of plaintiff to withdraw the reference is now moot.  Chief Judge Finch in effect withdrew the reference on March 16, 2005 when he transferred the matter back to the District Court, St. Croix division, "for further proceedings."  Consequently, we will deny plaintiff's motion for entry of an order of withdrawal of reference since the relief plaintiff seeks has already been granted.

III.

Plaintiff also requests declaratory relief in the form of "partial summary judgment in Plaintiff's favor confirming the current viability of plaintiff's cause of action for violation of the automatic stay under 11 U.S.C. § 362(h)."

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled

to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see Fed. R. Civ. P. 56(c).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  After reviewing the evidence, the court makes all reasonable inferences from the evidence in the light most favorable to the non-movant.  In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

The parties here do not dispute any material facts.  The issue presented is a purely legal one:  can plaintiff's claim for relief for violation of the automatic stay survive in this court after the dismissal of the bankruptcy?

The former 11 U.S.C. § 362(h) (West 2005) (currently codified at 11 U.S.C. § 362(k) (West 2007)) provides that an individual "injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  Generally speaking, "[a] motion for sanctions under 11 U.S.C. § 362(h) properly belongs before the court that imposed the bankruptcy stay."  Merrill Lynch Credit Corp. v. King, 255 B.R. 388, 392 (D.V.I. 2000) (citing Price v. Rochford, 947 F.2d 829, 832 n.1 (7th Cir. 1991); In re Shmuel Klein, 226 B.R. 542, 544 (Bankr. D.N.J. 1998)).  Accordingly, pursuant to both case law and this court's standing order of reference,[1] the

---

1. "Any and all cases under Title 11 of the United States Code
(continued...)

court initially referred this action to the Bankruptcy Court that imposed the stay.  The Bankruptcy Court ultimately dismissed the action without prejudice for lack of subject matter jurisdiction.  Because no party appealed that order, we did not review the Bankruptcy Court's conclusions.

Federal district courts have original, non-exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  Specifically, "[t]he District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States, including, but not limited to ... that of a bankruptcy court of the United States."  48 U.S.C. § 1612(a).  As a matter of discretion, federal district courts "'routinely refer' most bankruptcy cases to the bankruptcy court."  In re Resorts Int'l, Inc., 372 F.3d 154, 162 (3rd Cir. 2004) (quoting Torkelsen v. Maggio (In re Guild & Gallery Plus, Inc.), 72 F.3d 1171, 1175 (3d Cir. 1996)).  Nonetheless, it is well established that "actually, jurisdiction lies with the district court."  In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 264 n.3 (3d Cir. 1991).  Because plaintiff's claim under former subsection 362(h) is "a civil proceeding arising under title 11," this court clearly has subject matter jurisdiction over plaintiff's claim

---

1.(...continued)
and any or all proceedings arising under Title 11 of the United States Code, or arising in or relate to a case under Title 11 of the United States Code shall be referred to the bankruptcy judges for the district."  In re General Rules, Misc. No. 1990-20 (Standing Order dated nunc pro tunc Apr. 1, 1990)

against defendants. See, e.g., Martin-Trigona v. Champion Fed. Sav., 892 F.2d 575, 577 (7th Cir. 1989).

As noted above, we must decide whether plaintiff's claim under former § 362(h) may proceed after the bankruptcy is at an end. This court has previously held that a federal district court has subject matter jurisdiction over a claim brought under § 362(h) despite the prior dismissal of the underlying bankruptcy action. See George v. Alvin Williams Trucking and Equip. Rental, Inc., Civ. No. 2002-189, 2004 U.S. Dist. LEXIS 907 (Jan. 16, 2004 D.V.I.). This decision is in harmony with those of other courts. See Price v. Rochford, 947 F.2d 829, 831-32 (7th Cir. 1991); Martin-Trigona, 892 F.2d at 577; In re Davis, 177 B.R. 907, 911 (B.A.P. 9th Cir. 1997); In re D'Alfonso, 211 B.R. 508, 513 (Bankr. E.D. Pa. 1997); In re Lampkin, 116 B.R. 450, 451-53 (Bankr. D. Md. 1990). In In re Davis, the court explained the cogent rationale underlying these decisions: "Imposition of damages for willful violation of the automatic stay serves an important purpose even after the underlying bankruptcy case has been dismissed; it provides compensation for and punishment of intentionally wrongful conduct." In re Davis, 177 B.R. at 911 (citations omitted).

Accordingly, we will grant the motion of plaintiff Diamond for partial summary judgment declaring that its claim against defendants for violation of the automatic stay survived the dismissal of plaintiff's reorganization under Chapter 11 of

the Bankruptcy Code. Of course, whether or not plaintiff can prevail on its claim is a question for another day.